# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JOSEPH D. WALDROP                               )
4097 South Fletcher Avenue                      )
Fernandina, FL 32034                            )
                                                )
         Plaintiff,                             )
    vs.                                         )        Civil Action
                                                )
RAMI BADAWY                                     )        No. 1:05CV02212
3410 13th Street, N.W.                          )
Washington, D.C. 20010                          )
                                                )
ERIKA M. GASPAR                                 )
443 3rd Street                                  )
Sacramento, CA 95816                            )
                                                )
1361 IRVING STREET, INC., a                     )
District of Columbia corporation                )
Serve: Rami Badawy, Registered Agent            )
3402 11th Street, N.W.                          )
Washington, D.C. 20010                          )
                                                )
RAMI BADAWY, LLC, a District                    )
of Columbia limited liability company           )
Serve: Rami Badawy, Registered Agent            )
1351 Irving Street, N.W.                        )
Washington, D.C. 20009                          )
                                                )
1207 COLUMBIA ROAD, LLC, a District             )
of Columbia limited liability company           )
Serve: Rami Badawy, Registered Agent            )
3600 Macomb Street, N.W.                        )
Washington, D.C. 20016                          )
                                                )
936 N STREET N.W., LLC, a District              )
of Columbia limited liability company           )
Serve: Sean Conley, Resident Agent              )
422 Farragut Street, N.W.                       )
Washington, D.C. 20021                          )
                                                )
700 QUINCY, LLC, a District of Columbia LLC     )
Serve: Rami Badawy, Registered Agent            )
3600 Macomb Street, N.W.                        )
Washington, D.C. 20016                          )

| | |
|---|---|
| 1221 HARVARD STREET, N.W., LLC, a District of Columbia limited liability company<br>Serve: Rami Badawy, Registered Agent<br>3700-33rd Place, N.W.<br>Washington, D.C. 20008<br><br>N STREET CONDOMINIUMS, LLC, a District of Columbia limited liability company<br>Serve: Rami Badawy, Registered Agent<br>3600 Macomb Street, N.W.<br>Washington, D.C. 20016<br><br>RR 13th STREET, LLC, a District of Columbia limited liability company<br>Serve: Rami Badawy, Registered Agent<br>3410 13th Street, N.W.<br>Washington, D.C. 20010<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FIRST AMENDED COMPLAINT

Plaintiff Joseph D. Waldrop ("Mr. Waldrop"), for his claim for relief against Rami Badawy ("Badawy"), Erika M. Gaspar ("Gaspar"), 1361 Irving Street, Inc. ("1361 Inc."), Rami Badawy, LLC ("Badawy LLC"), 1207 Columbia Road, LLC ("1207 LLC"), 936 N Street, LLC ("936 LLC"), 700 Quincy LLC ("Quincy LLC"), 1221 Harvard Street, LLC ("Harvard LLC"), N Street Condominiums, LLC ("N Street LLC"), and RR 13th Street, LLC ("13th LLC") alleges and states as follows:

### JURISDICTION, VENUE, AND PARTIES

1.  The Court has jurisdiction over all counts in this action pursuant to 28 U.S.C. § 1332, diversity jurisdiction, in that the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest:

    (a)  Mr. Waldrop is an individual residing in the State of Florida.

(b) Badawy is an individual residing in the District of Columbia.

(c) Gaspar is an individual residing in the State of California.

(d) 1361 Inc. is a corporation organized and operating pursuant to the law of the District of Columbia with its principal place of business in Washington, D.C.

(e) Badawy LLC is a limited liability company organized and operating pursuant to the laws of the District of Columbia with its principal place of business in Washington, D.C.

(f) 1207 LLC is a limited liability company organized and operating pursuant to the laws of the District of Columbia with its principal place of business in Washington, D.C.

(g) 936 LLC is a limited liability company organized and operating pursuant to the laws of the District of Columbia with its principal place of business in Washington, D.C.

(h) Quincy LLC is a limited liability company organized and operating pursuant to the laws of the District of Columbia with its principal place of business in Washington, D.C.

(i) Harvard LLC is a limited liability company organized and operating pursuant to the laws of the District of Columbia with its principal place of business in Washington, D.C.

(j) N Street LLC is a limited liability company organized and operating pursuant to the laws of the District of Columbia with its principal place of business in Washington, D.C.

(k) 13th LLC is a limited liability company organized and operating pursuant to the laws of the District of Columbia with its principal place of business in Washington, D.C.

2. Defendants conduct business in the District of Columbia and, therefore, are subject to the personal jurisdiction of this Court.

3. Venue is proper in this district under 28 U.S.C. § 1391(a) in that defendants are subject to personal jurisdiction and thus deemed to reside in this district.

## BACKGROUND FACTS

### Badawy And The Badawy Entities Are Alter Egos Of Each Other.

4. Badawy engages in the purchase, renovation, and resale of property in and around the District of Columbia both personally and through various corporate entities he controls.

5. Badawy and the following entities he controls (the "Badawy Entities") are alter egos of each other: 1361 Inc., Badawy LLC, 1207 LLC, 936 LLC, Quincy LLC, Harvard LLC, N Street LLC, and 13th LLC.

6. Upon information and belief, Badawy makes all decisions regarding the operations of the Badawy Entities.

7. Upon information and belief, Badawy has commingled funds with the Badawy Entities.

8. Upon information and belief, the Badawy Entities have failed to observe required corporate formalities.

9. Upon information and belief, the Badawy Entities are not adequately capitalized, and are unable to pay the debts owed to Mr. Waldrop and others.

10. Badawy has used the Badawy Entities to perpetrate a fraud or wrong on Mr. Waldrop as more fully described in the paragraphs that follow.

**Mr. Waldrop Invests Money Into Various Badawy Projects And Is Not Repaid.**

11. Mr. Waldrop's business dealings with Badawy and the Badawy Entities began in March of 2000, when Mr. Waldrop agreed to invest personal funds towards the purchase of property located at 1845 Lamont Street, Washington, D.C., which property was later sold at a profit to both Mr. Waldrop and Badawy.

**First Investment**

12. Thereafter, in July of 2003, following other business dealings between the parties, Badawy and/or the Badawy Entities solicited, and Mr. Waldrop agreed to pledge, his property located at 1347 Monroe Street, N.W., Washington, D.C. as security for additional investment funds to be provided to Badawy and/or the Badawy Entities and used to purchase and/or renovate properties located at:

    a.    3400 11th St., Washington, D.C.

    b.    1341 Fairmont Street, Washington, D.C.

    c.    1319 Euclid Street, Washington, D.C.

13. Thereafter, on August 15, 2003, Mr. Waldrop sold 1347 Monroe Street, and, because of the encumbrance, paid $67,650.00 to Richard Grodsky and $67,650.00 to David Altman, for a total of $135,300.00.

14. Payment of this $135,300.00 to Grodsky and Altman constituted the investment from Mr. Waldrop to Badawy and/or the Badawy Entities.

15. Badawy and/or the Badawy Entities agreed to repay the sum within one year and to pay a return on this investment at an interest rate of 15% per annum, which rate would escalate to 23% per annum upon default.

16. Badawy and/or the Badawy Entities failed to pay Mr. Waldrop within one year, on August 15, 2004.

17. On August 16, 2005, Badawy and/or the Badawy Entities sold 3400 11th Street for a substantial profit, but refused to pay Mr. Waldrop the amount owed to him.

18. In or around April 2004, Badawy and/or the Badawy Entities sold 1341 Fairmont Street for a substantial profit, but refused to pay Mr. Waldrop the amount owed to him.

19. Despite repeated requests, Badawy and/or the Badawy Entities continue to refuse to pay Mr. Waldrop.

20. As a result, Mr. Waldrop is owed the principle amount of $135,300.00, plus interest at the agreed upon rates.

21. Upon information and belief, Badawy and/or the Badawy Entities never intended to pay Mr. Waldrop the amounts owed, and have instead used these funds to purchase and/or renovate other properties for personal gain, including the following: 1207 Columbia Road, Washington, D.C.; 1319 Euclid Street, NW, Washington D.C.; 936 N Street, NW, Washington D.C.; 1221 Harvard Street, NW, Washington, D.C.; 3538 13th Street, Washington, D.C.; 700 Quincy Street, NW, Washington D.C.; 843 Woods Drive, Pasadena, Maryland; and 443 33rd Street, Sacramento, California.

**Second Investment**

22. On or about August 29, 2003, Badawy and/or the Badawy Entities solicited, and Mr. Waldrop agreed to provide, $159,500.00 for additional investment funds that were used to purchase and/or renovate properties located at:

    a. 1341 Fairmont Street, Washington, D.C.

    b. 1319 Euclid Street, Washington, D.C.

    c. 1328 Park Road, Washington, D.C.

23. Badawy and/or the Badawy Entities agreed to repay the sum by April 15, 2004 and to pay a return on this investment at an interest rate of 15% per annum, which rate would escalate to 23% per annum upon default.

24. On September 2, 2003, Mr. Waldrop provided Badawy and/or the Badawy Entities $159,500.00.

25. Badawy and/or the Badawy Entities failed to pay Mr. Waldrop on April 15, 2004.

26. In or around April 2004, Badawy and/or the Badawy Entities sold 1341 Fairmont Street for a substantial profit, but refused to pay Mr. Waldrop the amount owed.

27. Despite repeated requests, Badawy and/or the Badawy Entities continue to refuse to pay Mr. Waldrop.

28. As a result, Mr. Waldrop is owed the principle amount of $159,500.00, plus interest at the agreed upon rates.

29. Upon information and belief, Badawy and/or the Badawy Entities never intended to pay Mr. Waldrop the amounts owed, and have instead used these funds to purchase and/or renovate other properties for his own personal gain, including the

following: 1207 Columbia Road, Washington, D.C.; 1319 Euclid Street, NW, Washington D.C.; 936 N Street, NW, Washington D.C.; 1221 Harvard Street, NW, Washington, D.C.; 3538 13th Street, Washington, D.C.; 700 Quincy Street, NW, Washington D.C.; 843 Woods Drive, Pasadena, Maryland; and 443 33rd Street, Sacramento, California.

### Third Investment

30. On or about October 15, 2003, Badawy and/or the Badawy Entities solicited, and Mr. Waldrop agreed to provide, $25,000.00 for additional investment funds that were used to purchase and/or renovate properties located at:

      a. 1341 Fairmont Street, Washington, D.C.

      b. 1319 Euclid Street, Washington, D.C.

      c. 1328 Park Road, Washington, D.C.

31. Badawy and/or the Badawy Entities agreed to repay the sum within one week and to pay a return on this investment at a rate of 15% per annum, which rate would escalate to 23% per annum upon default.

32. On October 17, 2003 Mr. Waldrop paid Badawy and/or the Badawy Entities $25,000.00.

33. Badawy and/or the Badawy Entities failed to pay Mr. Waldrop on October 22, 2004.

34. In or around April 2004, Badawy and/or the Badawy Entities sold 1341 Fairmont Street for a substantial profit, but refused to pay Mr. Waldrop the amount owed.

35. Despite repeated requests, Badawy and/or the Badawy Entities continue to refuse to pay Mr. Waldrop.

36. As a result, Mr. Waldrop is owed the principle amount of $25,000.00, plus interest at the agreed upon rates.

37. Upon information and belief, Badawy and/or the Badawy Entities never intended to pay Mr. Waldrop the amounts owed, and have instead used these funds to purchase and/or renovate other properties for personal gain, including the following: 1207 Columbia Road, Washington, D.C.; 1319 Euclid Street, NW, Washington D.C.; 936 N Street, NW, Washington D.C.; 1221 Harvard Street, NW, Washington, D.C.; 3538 13th Street, Washington, D.C.; 700 Quincy Street, NW, Washington D.C.; 843 Woods Drive, Pasadena, Maryland; and 443 33rd Street, Sacramento, California.

**Badawy Promised To Reimburse Mr. Waldrop For Expenses But Refuses To Pay.**

38. On or about May 1, 2001, Badawy and/or the Badawy Entities hired Mr. Waldrop as an employee.

39. During the course of Mr. Waldrop's employment, he was required to use his personal credit cards to pay for certain business-related expenditures, which Badawy and/or the Badawy Entities promised to repay.

40. From May of 2001 until approximately May of 2003, all such expenses incurred by Mr. Waldrop were reimbursed by Badawy and/or the Badawy Entities.

41. However, from approximately May of 2003 to December of 2003, Mr. Waldrop accumulated substantial business-related expenditures for which he has not been reimbursed.

42. Despite repeated requests from Mr. Waldrop, Badawy and/or the Badawy Entities continue to refuse to pay for these expenses, which collectively total $64,124.73, excluding interest.

43. Upon information and belief, Badawy and/or the Badawy Entities never intended to pay Mr. Waldrop the amounts owed, and have instead used these funds to purchase and/or renovate properties for personal gain.

### Badawy Promised Mr. Waldrop A Bonus But Refuses To Pay.

44. In July of 2001, Mr. Waldrop expressed certain reservations to Badawy and/or the Badawy Entities regarding Mr. Waldrop's continued employment.

45. On or about July 23, 2001, as an inducement for Mr. Waldrop to continue his employment with Badawy and/or the Badawy Entities and, in addition, for Mr. Waldrop to oversee and manage the renovations to a property located at 1328 Park Road, Washington, D.C., Badawy and/or the Badawy Entities offered Mr. Waldrop a $50,000.00 bonus to be paid upon the sale of property located at 1328 Park Road, Washington, D.C.

46. In or around October 2004, Badawy and/or the Badawy Entities sold 1328 Park Road, but refused to pay Mr. Waldrop the agreed-upon bonus money.

47. Despite repeated requests, Badawy and/or the Badawy Entities continue to refuse to pay this money to Mr. Waldrop.

48. Thus, $50,000.00, plus interest, is due and owing to Mr. Waldrop.

49. Upon information and belief, Badawy and/or the Badawy Entities never intended to pay Mr. Waldrop the amounts owed, and have instead used these funds to purchase and/or renovate properties for personal gain.

### Badawy Transferred over $300,000 to His Fiancé Gaspar.

50. On or about August/September 2005, Mr. Waldrop was a creditor of Badawy and/or the Badawy Entities, and had made repeated requests for payment of the sums owed to him.

51. Notwithstanding these requests, on or about August/September 2005, Badawy and/or the Badawy Entities transferred over $300,000.00 to Gaspar, Badawy's then and current fiancé.

52. Gaspar used these funds to purchase a townhouse in her name located at 443 33rd Street, Sacramento, California 95816.

53. Upon information and belief, Badawy and/or the Badawy Entities did not receive a reasonably equivalent value in exchange for this $300,000.00 transfer.

54. At the time, or as a result, of this transfer, Badawy and/or the Badawy Entities were not paying their debts as they became due to Mr. Waldrop and other creditors.

55. Upon information and belief, by transferring these funds to Gaspar for the purchase of a townhouse in California, Badawy and/or the Badawy Entities intended to hinder, delay, and defraud Mr. Waldrop.

## CLAIMS FOR RELIEF

### Count I
### (Breach of Contract)

56. Mr. Waldrop realleges and incorporates herein paragraphs 1-55.

57. Badawy and/or the Badawy Entities promised to pay Mr. Waldrop principal and interest in the amounts and rates identified in paragraphs 12 through 37 above, in exchange for which Mr. Waldrop agreed to provide Badawy and/or the Badawy Entities funds in the amounts identified in paragraphs 12 through 37 above.

58. Badawy and/or the Badawy Entities failed to pay Mr. Waldrop the sums owed when due.

59. Despite repeated requests for payment from Mr. Waldrop, Badawy and/or the Badawy Entities continue to improperly refuse to pay Mr. Waldrop.

60. As a direct and proximate result of the foregoing, Badawy and/or the Badawy Entities are liable to Mr. Waldrop for damages, and are also subject to appropriate equitable or other remedies.

### Count II
### (Unjust Enrichment)

61. Mr. Waldrop realleges and incorporates herein paragraphs 1-60.

62. Mr. Waldrop conferred a benefit on Badawy and/or the Badawy Entities by providing the following monetary amounts: $135,300.00, $159,500.00, $25,000.00, and $64,124.73.

63. Despite repeated requests, Badawy and/or the Badawy Entities have improperly retained, and otherwise refused to return, the funds provided by Mr. Waldrop.

64. Because Badawy and/or the Badawy Entities promised to return said funds to Mr. Waldrop, with interest, the continued retention and use of said funds by Badawy and/or the Badawy Entities is unjust.

65. As a direct and proximate result of the foregoing, Badawy and/or the Badawy Entities are liable to Mr. Waldrop for damages, and are also subject to appropriate equitable or other remedies.

### Count III
### (Quantum Meruit)

66. Mr. Waldrop realleges and incorporates herein paragraphs 1-65.

67. Mr. Waldrop rendered valuable services in the form of his continued management and oversight of the renovation projects undertaken by Badawy and/or the Badawy Entities.

68. These valuable services were rendered to Badawy and/or the Badawy Entities.

69. Badawy and/or the Badawy Entities accepted, benefited from, and otherwise enjoyed the services provided by Mr. Waldrop.

70. Badawy and/or the Badawy Entities knew that Mr. Waldrop expected to be paid for these services, because Badawy and/or the Badawy Entities promised to pay Mr. Waldrop a $50,000.00 bonus for these services.

71. Despite repeated requests, Badawy and/or the Badawy Entities have improperly refused to pay Mr. Waldrop his bonus.

72. As a direct and proximate result of the foregoing, Badawy and/or the Badawy Entities are liable to Mr. Waldrop for damages, and are also subject to appropriate equitable or other remedies.

### Count IV
### (Promissory Estoppel)

73. Mr. Waldrop realleges and incorporates herein paragraphs 1-72.

74. Badawy and/or the Badawy Entities promised to pay Mr. Waldrop the following: principal and interest in the amounts and rates identified in paragraphs 12 through 37 above; reimbursement for business-related expenses; and a bonus of $50,000.00

75. In reasonable reliance on Badawy and/or the Badawy Entities promise, Mr. Waldrop provided Badawy and/or the Badawy Entities the following: funds in the amounts identified in paragraphs 12 through 37 above; funds for business-related purchases; and management and oversight services.

76. Despite repeated requests, Badawy and/or the Badawy Entities have improperly refused to pay Mr. Waldrop the promised amounts.

77. As a direct and proximate result of the foregoing, Badawy and/or the Badawy Entities are liable to Mr. Waldrop for damages, and are also subject to appropriate equitable or other remedies.

## Count V
### (Conversion)

78. Mr. Waldrop realleges and incorporates herein paragraphs 1- 77.

79. Badawy and/or the Badawy Entities currently exercise unlawful ownership, dominion, and control over funds and interest belonging to Mr. Waldrop.

80. Despite repeated requests from Mr. Waldrop, Badawy and/or the Badawy Entities have improperly refused to return these funds and interest to Mr. Waldrop in denial and repudiation of Mr. Waldrop's rights thereto.

81. As a direct and proximate result of the foregoing, Badawy and/or the Badawy Entities are liable to Mr. Waldrop for damages, and are also subject to appropriate equitable or other remedies.

## Count VI
### (Common Law Fraud)

82. Mr. Waldrop realleges and incorporates herein paragraphs 1- 81.

83. As demonstrated herein, Badawy and/or the Badawy Entities made false representations of material fact relating to Badawy and/or the Badawy Entities' intent to repay the funds and interest promised to Mr. Waldrop, and their intent to pay Mr. Waldrop a bonus of $50,000.00.

84. The false representations made Badawy and/or the Badawy Entities were known to be false when made and were made with the intent that the false representations be acted and relied upon.

85. As a result of the false representations made by Badawy and/or the Badawy Entities, Mr. Waldrop took actions that he would not have taken without those false representations.

86. As a direct and proximate result of Badawy and/or the Badawy Entities false representations, Badawy and/or the Badawy Entities are liable to Mr. Waldrop for damages, and are also subject to appropriate equitable or other remedies.

### Count VII
### (Fraudulent Transfer under D.C. Code Ann. § 28-3104)

87. Mr. Waldrop realleges and incorporates herein paragraphs 1- 86.

88. At all times relevant hereto, Mr. Waldrop was a creditor of Badawy and/or the Badawy Entities.

89. On or about August/September 2005, Badawy and/or the Badawy Entities transferred over $300,000.00 to Gaspar, which assets Gaspar used to purchase a townhouse in her name located at 443 33rd Street, Sacramento, California 95816.

90. Upon information and belief, this transfer was made with actual intent to hinder, delay, or defraud Mr. Waldrop, and:

    a. Was to an insider, as Gaspar is Badawy's fiancé;

    b. Badawy retains control over the asset through his relationship with Gaspar;

    c. The value of the consideration received by Badawy and/or the Badawy Entities was not reasonably equivalent to the value of the asset transferred to Gaspar; and

    d.    Badawy and/or the Badawy Entities were insolvent or became insolvent shortly after the transfer was made, as debts were not being paid as they became due.

91.    As a direct and proximate result of the foregoing, Mr. Waldrop may seek such remedies permitted by D.C. Code Ann. § 28-3107, including asking the Court to appoint a receiver to take charge of the asset transferred, or of other property of Gaspar.

### Count VIII
### (Fraudulent Transfer under D.C. Code Ann. § 28-3105)

92.    Mr. Waldrop realleges and incorporates herein paragraphs 1- 91.

93.    Prior to and after August/September 2005, Mr. Waldrop was a creditor of Badawy and/or the Badawy Entities.

94.    On or about August/September 2005, Badawy and/or the Badawy Entities transferred over $300,000.00 to Gaspar, which assets Gaspar used to purchase a townhouse in her name located at 443 33rd Street, Sacramento, California 95816.

95.    Badawy and/or the Badawy Entities did not receive a reasonably equivalent value in exchange for the assets transferred to Gaspar.

96.    Badawy and/or the Badawy Entities were insolvent at the time the transfer was made, or became insolvent as a result of the transfer, as Badawy and/or the Badawy Entities were not paying debts as they became due.

97.    As a direct and proximate result of the foregoing, Mr. Waldrop may seek such remedies permitted by D.C. Code Ann. § 28-3107, including asking the Court to appoint a receiver to take charge of the asset transferred, or of other property of Gaspar.

## PRAYER FOR RELIEF

Wherefore, Mr. Waldrop respectfully requests:

(a)  As to Count I, Breach of Contract, that the Court enter judgment against Badawy and/or the Badawy Entities, jointly and severally, for damages in an amount to be proven at trial, along with Mr. Waldrop's attorneys fees and costs of this action.

(b)  As to Count II, Unjust Enrichment, that the Court enter judgment against Badawy and/or the Badawy Entities, jointly and severally, for damages in an amount to be proven at trial, and because the acts of Badawy and/or the Badawy Entities are willful and malicious, Mr. Waldrop is also entitled to a judgment for exemplary or punitive damages, along with Mr. Waldrop's attorneys fees and costs of this action.

(c)  As to Count III, Quantum Meruit, that the Court enter judgment against Badawy and/or the Badawy Entities, jointly and severally, for damages in an amount to be proven at trial, and because the acts of Badawy and/or the Badawy Entities are willful and malicious, Mr. Waldrop is also entitled to a judgment for exemplary or punitive damages, along with Mr. Waldrop's attorneys fees and costs of this action.

(d)  As to Count IV, Promissory Estoppel, that the Court enter judgment against Badawy and/or the Badawy Entities, jointly and severally, for damages in an amount to be proven at trial, and because the acts of Badawy and/or the Badawy Entities are willful and malicious, Mr. Waldrop is also entitled to a judgment for exemplary or punitive damages, along with Mr. Waldrop's attorneys fees and costs of this action.

(e)  As to Count V, Conversion, that the Court enter judgment against Badawy and/or the Badawy Entities, jointly and severally, for damages in an amount to be proven at trial, and because the acts of Badawy and/or the Badawy Entities are willful and

malicious, Mr. Waldrop is also entitled to a judgment for exemplary or punitive damages, along with Mr. Waldrop's attorneys fees and costs of this action.

(f) As to Count VI, Common Law Fraud, that the Court enter judgment against Badawy and/or the Badawy Entities, jointly and severally, for damages in an amount to be proven at trial, and because the acts of Badawy and/or the Badawy Entities are willful and malicious, Mr. Waldrop is also entitled to a judgment for exemplary or punitive damages, along with Mr. Waldrop's attorneys fees and costs of this action.

(g) As to Count VII, Fraudulent Transfer under D.C. Code Ann. § 28-3104, that the Court appoint a receiver to take charge of the asset transferred or of other property of Gaspar, or allow Mr. Waldrop to elect any other such remedy consistent with D.C. Code Ann. § 28-3107.

(h) As to Count VIII, Fraudulent Transfer under D.C. Code Ann. § 28-3105, that the Court appoint a receiver to take charge of the asset transferred or of other property of Gaspar, or allow Mr. Waldrop to elect any other such remedy consistent with D.C. Code Ann. § 28-3107.

(i) As to all Counts, that the Court impose a Constructive Trust on the properties identified below, due to and as a consequence of the actions of Badawy, the Badawy Entities, and Gaspar as alleged above, as the equitable fee interest in these properties is vested, in part, in Mr. Waldrop as a result of him having provided to Badawy and/or the Badawy Entities the funds used to acquire, renovate, and develop these properties. In addition, Badawy and/or the Badawy Entities and Gaspar should be compelled to liquidate those properties held and controlled by Badawy and/or the Badawy Entities including, but not limited, to the following:

    a. property located at 1319 Euclid Street, NW, Washington D.C.;

    b. property located at 936 N Street, NW, Washington D.C.;

    c. property located at 1221 Harvard Street, NW, Washington, D.C.;

    d. property located at 3538 13th Street, Washington, D.C.;

    e. property located at 700 Quincy Street, NW, Washington D.C.;

    f. property located at 843 Woods Drive, Pasadena, Maryland, situated in Anne Arundel County, Maryland;

    g. property located at 443 33rd Street, Sacramento, California 95816;

    h. any other property not listed in this Complaint but vested and titled in the names of Badawy and/or the Badawy Entities; and

(j) For such other and further relief as the Court shall find is just and reasonable.

Dated:  December 23, 2005

*signature*

Robert L. Eskay, Jr. (#479408)
Michael E. Tucci   (#430470)
Stinson Morrison Hecker LLP
1150 18th Street, N.W., Suite 800
Washington, D.C. 20036
Telephone: (202) 785-9100
Telefax: (202) 785-9163
*Attorneys for Joseph P. Waldrop*